**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DYLAN BURGESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>RAB, INC.,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Dylan Burgess ("Mr. Burgess"), by his undersigned counsel, for this class action complaint against Defendant RAB, Inc., as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

**I.   INTRODUCTION**

1. <u>Nature of Action</u>: Debt collectors are not above the law. The Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in attempting to collect debts. Defendant RAB, Inc. apparently did not get the message, being one of the most aggressive debt collectors in the book and employing all manner of tactics to illegally attempt to collect debts with respect to the Plaintiff and the putative class.

2. Because the conduct Mr. Burgess is indicative of the illegal, aggressive tactics Defendant employs to scare, coerce, and trick millions of consumers into paying debts they take on for collection *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal communications from or on behalf of Defendant.

## II.     PARTIES

3. Plaintiff Burgess is an individual who resides in the Northern District of Texas.

4. Defendant RAB, Inc. is a debt collector with its headquarters and principal place of business in Addison, Texas.

## III.     JURISDICTION AND VENUE

5. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 because the FDCPA is a federal statute. 15 U.S.C. § 1692.

6. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. The Court has general personal jurisdiction over Defendant RAB, Inc. because it is a Texas corporation with its headquarters and principle place of business in Addison, Texas.

7. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal communication at issue—occurred in this District.

## IV.     FACTS

A.     **The Enactment of the FDCPA and its Regulations**

8. In 1977, Congress enacted the FDCPA in response to a growing number of consumer complaints regarding certain debt collection practices.

9. Section 1692c of the FDCPA prohibits certain communications in connection with debt collection. More specifically, subsection (b) prohibits a debt collector from communicating with any third party about a creditor's debt, except for certain enumerated exceptions.

10. Congress passed Section 1692c(b) of the FDCPA in response to consumer complaints about debt collectors contacting relatives, friends, neighbors, and employers in an effort to shame creditors into paying their debts.

11. Section 1692e of the FDCPA prohibits sixteen distinct false or misleading representations in connection with debt collection.

12. Section 1692g of the FDCPA requires a debt collector to provide, within five days of an initial communication with a consumer in connection with the collection of any debt, certain statements regarding the procedures for disputing the validity of the debt and the consumer's rights with respect to dispute and verification of the debt.

13. The FDCPA provides a powerful remedy for consumers whose rights have been aggrieved by a debt collector in the form of actual damages, statutory damages of up to $1,000, a class action recovery not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, plus attorney's fees and costs. 15 U.S.C. § 1692k.

**B.   Illegal Communications to Plaintiff**

14. Plaintiff Burgess is, and at all times mentioned herein was, a "consumer," as defined by 15 U.S.C. § 1692a(3), because he is a natural person allegedly obligated to pay the debt at issue.

15. Defendant RAB, Inc. is, and at all times mentioned herein was, a "debt collector," as defined by 15 U.S.C. § 1692a(6), because it used an instrumentality of interstate commerce, to wit, email, principally to collect "debts," and because it regularly collects and attempts to collect debts asserted to be owed to others.

3

16. The communication at issue was in reference to an alleged "debt," as defined by 15 U.S.C. § 1692a(5), because it is an alleged obligation that arose out of a personal lending transaction.

17. On November 28, 2023 at 9:44 AM, the Plaintiff received an email from "Jenny Jenkins" at "RAB, Inc." from the email address jjenkins@rabtx.com:

Thank you,

**Jenny Jenkins**
RAB, Inc.



Phone:  (972) 663-8568
Fax:    (972) 692-7612
Email:  jjenkins@rabtx.com
Mailing Address: PO Box 2209, Addison, TX 75001

If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.



18. The email was sent to twenty-six different email addresses, including the Plaintiff's.

19. The other email addresses were either to email addresses the Plaintiff does not recognize, or email addresses belonging to friends, family, and coworkers.

20. The email was sent to diminish Mr. Burgess' standing in the eyes of the recipients of the email.

4

21.     In fact, one of Mr. Burgess' acquaintances, Kirk, who received the email, forwarded the email to Mr. Burgess and inquired as to why he was receiving it or what the matter was regarding.

22.     The subject line of the email stated, "eCommissions vs. Dylan Burgess ** PAST DUE File 213020-23-TX."

23.     The text of the email stated,

> Name on account: RAB, Inc.
>
> Client Account
>
> 4450 Sojourn Dr, Suite 300
>
> Addison, TX 75001
>
> and attorney fees. One way or another you will be forced to deal with this. Since it has become obvious through numerous attempts to contact you that you have no intentions on resolving this without suit being filed.
>
> I will give you until **end of business Friday, December 1st, 2023**, to respond and resolve this matter or will have no choice but to render a decision on your behalf and make my recommendations to my client to pursue this to the full extent of the laws in your state.
>
> We can close this today with payment via CC by phone, overnight cashier's check or bank wire.
>
> Bank Name: Frost Bank
>
> Address: 533 N. Alamo Rd.
>
> Alamo, TX 78516
>
> Routing Number: 114 000 093
>
> Account Number: xxx xxx xxx

24. Plaintiff Burgess did not receive any additional or prior communications in any manner from the Defendant, despite the text of this email.

25. The text of the email indicates that it is a form email sent by Defendant *en masse* in an effort to scare, trick, and coerce consumers into paying them.

26. Indeed, the various portions of the email subject to change, such as the name of the original creditor, the amount due, and the (completely bogus) "deadline," are all bolded.

27. Furthermore, the rest of the email is entirely generic. It does not reference what county or state Mr. Burgess is in, only that he will be "pursu[ed] . . . to the full extent of the laws in your state."

28. As a preliminary matter, the email, and others like it sent to the class, violated the FDCPA's prohibition against contacting third parties because it was sent to family, friends, and coworkers of Mr. Burgess and the other class members. 15 U.S.C. § 1692c(b)

29. The email falsely claimed that RAB, Inc., a private debt collector was affiliated with the "County Clerk's Office." 15 U.S.C. § 1692e(1).

30. The email falsely stated that "Jenny Jenkins" is an attorney who can draft and file legal process on behalf of eCommissions and that the communication from Defendant was from a law firm, including by stating that they were affiliated with the "Commercial Law League of America" in the email signature. 15 U.S.C. § 1692e(3).

31. The email falsely claimed that Defendant had the power as an adjudicatory tribunal to "render a decision on [Mr. Burgess'] behalf." 15 U.S.C. § 1692e(5).

32. As an initial communication, the email failed to disclose that Defendant was attempting to collect a debt. It also did not mention that Defendant was a debt collector. 15 U.S.C. § 1692e(11).

33. The email falsely implied that it was legal process. The subject line references a plaintiff and defendant with a "v." in court-case like format with a file number when no case was filed. Furthermore, it stated that Mr. Burgess "will be forced to deal with" the legal process. 15 U.S.C. § 1692e(13).

34. The email did not state that the debt will be assumed to be valid unless it was disputed within thirty days of receipt. 15 U.S.C. § 1692g(a)(3).

35. The email did not state that if the consumer notified the debt collector in writing that the debt is disputed that the Defendant will obtain verification of the debt. 15 U.S.C. § 1692g(a)(4).

36. The email did not state that, upon request within the thirty-day period, Defendant will provide the consumer with the name and address of the original creditor. 15 U.S.C. § 1692g(a)(5).

37. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they suffered reputational harm before third-parties to whom Defendant sent their emails, they were tricked, scared, and sometimes coerced into paying debts as a result of the fraudulent and misleading statements in the emails, they were not fully apprised of their FDCPA rights, and they were harassed and humiliated. In addition, the emails violated Plaintiff's and the class members' statutory rights under the FDCPA.

## V.   CLASS ACTION ALLEGATIONS

38. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **FDCPA Class**: All consumers in the United States whom (1) Defendant sent or attempted to send a communication, (2) but which communication was sent to a

third-party, contained a prohibited misrepresentation, or failed to include the requisite dispute and validity notices, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

39. Excluded from the Class is counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. The Class, as defined above, is identifiable through email records.

41. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of the illegal emails.

42. Individual joinder of these persons is impracticable.

43. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

45. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, reputational harm, reliance upon misrepresentations, failure to be apprised of their dispute and validity rights, and other statutory harms.

46. This class action complaint seeks injunctive relief, attorneys' fees, and money damages.

47. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Defendant sent the emails complained of to third-parties;

    b.    whether Defendant systematically sent multiple illegal emails to members of the Class;

    c.    whether Defendant sent emails that contained any misleading representations or omissions prohibited by the FDCPA at 15 U.S.C. § 1692e;

    d.    whether Defendant sent initial communications as emails without providing the requisite dispute and validity notice statements required by 15 U.S.C. § 1692g(a)(3-5); and

    e.    the amount of actual and statutory damages that the Class is entitled to.

48. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

49. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including FDCPA class actions.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members and any variations in email content, which will be ascertainable from records maintained by Defendant and/or its agents.

51. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the FDCPA. The

...

interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the FDCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

52. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the illegal conduct complained of herein is substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act
### Violations of 15 U.S.C. § 1692c, 1692e, and 1692g
### (On Behalf of Plaintiff and the FDCPA Class)

53. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

54. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692c, by communicating with third-parties about an alleged debt.

55. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the FDCPA, 15 U.S.C. § 1692e, by making false, deceptive, and misleading representations and means in connection with the collection of a debt.

56. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692g, by not containing a written notice with the statutorily prescribed requirements, either in the initial communication, or within five days thereof.

57. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the FDCPA, 15 U.S.C. § 1692, Plaintiff and the members of the FDCPA Class are presumptively entitled to an award of up to $1,000 for each named plaintiff, plus any other such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

58. Plaintiff and the members of the FDCPA Class are also entitled to and do seek attorney's fees and costs.

59. Plaintiff and the members of the FDCPA Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the FDCPA in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the FDCPA in the future;

E.      An award to Plaintiff and the Class of damages, as allowed by law;

F.      An award to Plaintiff and the Class of attorney's fees and costs, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.      DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this December 22, 2023.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

Katherine Hendler Fayne*
State Bar No. 24036752
katherine@katherinefaynelaw.com
KATHERINE FAYNE LAW PLLC

6301 Gaston Avenue, Suite 1128
Dallas, TX 75214
Telephone: (214) 770-1322
*Local counsel

*Attorneys for Plaintiff and the Proposed Class*