UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DYLAN BURGESS, individually and on behalf of all others similarly situated,<br> *Plaintiff,*<br><br>v.<br><br>RAB, INC.,<br> *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:23-cv-02845-L |

## DEFENDANT RAB, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant RAB, Inc. ("Defendant") and files this Brief in Support of its Motion to Dismiss as follows:

### INTRODUCTION

1. Plaintiff filed suit against Defendant on December 22, 2023, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 1. Plaintiff alleges Defendant violated sections 1692c, 1692e, and 1692g of the FDCPA in its communications with Plaintiff and others. *Id*. at 10-11. The FDCPA concerns the collection of consumer debts, defined by the FDCPA as debts which are "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The debt in this matter is *commercial* debt, not a consumer debt, and thus Plaintiff's Complaint fails as a matter of law.

2. Plaintiff's Complaint does not set forth the facts which led to the incurring of the debt. Attached hereto this Motion to Dismiss is a copy of the Contract creating the debt, which is incorporated by reference in the Complaint and is necessary to establish an element of Plaintiff's claim. Exhibit A; Exhibit B. As shown in the Contract, Plaintiff entered into a eCommission Active Listing Advance Agreement (the "Advance Agreement."), through his employment as a real estate agent. Exhibit B. Plaintiff entered into the Advance Agreement as Agent, with JP & Associates,

Realtors, entering as Broker. *Id*. Under the terms of the Advance Agreement, Plaintiff received an advance—on a sales commission he was anticipating from his employment—from eCommission in exchange for a future interest in the sales commission. *Id.* At the bottom of the Representations and Warranties section, the Advance Agreement reads:

> Agent [Plaintiff] further warrants that the Agent [Plaintiff] will use the proceeds received from eCommission in connection with this purchase of the Purchased Commission **for business purposes only, with no portion of such proceeds to be used for any personal, family or household purposes**.

*Id*. (emphasis added).

3.  In sum, Plaintiff entered into the Advance Agreement with eCommission through his commercial activities as a real estate agent, based on anticipated future performance in his commercial activities, and warranted that he would use the debt for "business purposes only, with no portion of such proceeds to be used for any personal, family or household purposes." *Id*. The Advance Agreement also stated "[t]he Purchased Commission is to be repaid therefore, using commissions earned from [Plaintiff's] next sale . . . ." Exhibit B. Thus, repayment of the Advance Agreement was premised on Plaintiff undertaking commercial activity, in his employment as a real estate agent, to repay the Advance Agreement. Under these facts, this debt cannot possibly qualify as a consumer debt under the FDCPA. For these reasons, all of Plaintiff's FDCPA claims fail as a matter of law.

ARGUMENTS AND AUTHORITIES

**A. Standard of Law.**

4.  Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasizing that

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. Well-pleaded facts, not mere conclusory allegations, are necessary to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.*

5.      In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). However, when a pleading references documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 U.S. Dist. LEXIS 189656, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (*quoting Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). Additionally, the Court may take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

   **B.   There is no consumer debt, as defined by the FDCPA, at issue in this matter.**

6.      To state a claim under the FDCPA, a plaintiff must show "(1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined

by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA." *Douglas v. Select Portfolio Servicing, Inc.*, No. CIV.A. 4:14-1329, 2015 U.S. Dist. LEXIS 29578, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015) (*citing Hazzard v. Bourgeios*, 2011 U.S. Dist. LEXIS 115574, 2011 WL 4738235, at *1 (S.D. Tex. Oct. 6, 2011)). The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "Only financial obligations incurred for purchases 'primarily for personal, family, or household purposes' qualify as consumer 'debt' subject to the rules and regulations of the FDCPA." *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 275 (5th Cir. 2014) (per curiam) (quoting 15 U.S.C. § 1692a(5)). Simply alleging that the debt is a consumer debt subject to the FDCPA does not render an otherwise commercial debt a consumer debt within the purview of the FDCPA. *See Hall*, 642 F. App'x at 406 (*citing Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006)).

7. Multiple courts have held that "[a] debt collector's treatment of an obligation is irrelevant to an inquiry regarding the nature of the obligation itself." *Matin v. Fulton, Friedman & Gullace, LLP*, 826 F. Supp. 2d 808, 812 (E.D. Pa. 2011) (internal quotations omitted) (citing cases). Such actions do not transform a commercial debt into a consumer debt, as a debt collector's treatment of an obligation is irrelevant to an inquiry regarding the nature of that obligation itself. *See id.*; *Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1076 (9th Cir. 2001) ("We, too, refuse to ignore Congress's intent by defining a consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt.").

8.     The debt at issue in this matter is a commercial debt, not a consumer debt, and thus not subject to the FDCPA. The debt was incurred as a result of an Advance Agreement related to commercial activity engaged in by Plaintiff. Exhibit B. Further, Plaintiff warranted that he intended to use the funds for business purposes only. *Id*. The Advance Agreement also stated "[t]he Purchased Commission is to be repaid therefore, using commissions earned from [Plaintiff's] next sale . . . ." Exhibit B. The nature and substance of the transaction which lead to the debt was commercial in nature, as it was made to be used for business purposes only, was predicated on Plaintiff's commercial activity, and was intended to be repaid based on Plaintiff's commercial and business activity. Thus, the debt cannot be consumer in nature, and the FDCPA does not apply.

9.     Courts in similar situations have held the same. In *Powers*, the Court found the debt at issue was not a commercial debt where "the agreement expressly states that the transaction is made for business purposes only." *Powers v. Kearns, Brinen & Monaghan, Inc*., No. 15-CV-187-JTC, 2015 U.S. Dist. LEXIS 166420, at *10 (W.D.N.Y. Dec. 9, 2015). The court in *Powers* summarized the case law concerning how to determine the nature of the debt and found "courts examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended." *Id.* (cleaned up). The transaction at issue was "a cash advance in exchange for a percentage of the future receivables from plaintiff's business." *Id.* at *7. The court held the debt was a commercial debt based on the nature of the transaction and the agreement expressly stating that the transaction was made for business purposes only. *Id.* at *7-10. The court in *Powers* also rejected the plaintiff's attempts to convert the debt into a consumer debt by raising arguments concerning the ultimate end use of the funds and additional factual allegations, stating the "Future

Receivables Sale Agreement, which plaintiff does not deny she executed, is sufficient to convey the business nature of the transaction." *Id.* at 11.

10.     Similarly, in *Grp. One Dev.*, the Court found a debt was commercial in nature based on the agreement stating, "Borrower certifies that the Loan proceeds will be used for business purposes only and will not be used for personal, family or household purposes." *Grp. One Dev., Inc. v. Bank of Lake Mills*, No. H-17-0375, 2017 U.S. Dist. LEXIS 104960, at *7-8 (S.D. Tex. July 7, 2017). Likewise, in *Kattula*, the Court found that a debt was commercial in nature based on the associated agreements stating the loan "shall be used solely for business purposes only" and stating it was "a commercial loan, and that all of the proceeds of the Loan will be used solely to acquire or carry on a business or commercial enterprise." *Kattula v. Jade*, No. 07-12569, 2008 U.S. Dist. LEXIS 12320, at *20 (E.D. Mich. Feb. 20, 2008). That court also rejected attempts by the plaintiff to transform a commercial debt into a consumer debt. *Id.* at 18-22.

11.     In *Dixon*, the Third Circuit upheld a district court's motion to dismiss which dismissed FDCPA claims for not concerning a consumer debt. *Dixon v. Golden-Masano-Bradley*, 228 F. App'x 142, 144 (3d Cir. 2007). The district court held, and the Third Circuit agreed, that the promissory note created a commercial debt because "the promissory note specifically stated that the proceeds of the note 'WILL NOT be used for personal, family or household purposes.'" *Id*. The Third Circuit held the plaintiff "[could not] convert the amount owed on the promissory note to fall within the meaning of 'debt' [as defined by the FDCPA] simply because he chose not to comply with the agreed upon terms." *Id*. The reasoning of *Dixon* is applicable in this case—Plaintiff entered into the transaction creating the debt for an explicitly commercial purpose, and Plaintiff cannot now transform the debt into a consumer debt.

12.     Plaintiff only offers conclusory allegations that the debt is a debt as defined by the FDCPA, simply stating, "The communication at issue was in reference to an alleged 'debt,' as defined by 15 U.S.C. § 1692a(5), because it is an alleged obligation that arose out of a personal lending transaction." Doc. 1 ¶ 16. Plaintiff's Complaint fails on these grounds alone, as Plaintiff has offered nothing more than a conclusory recitation of the statutory requirements for an FDCPA claim without offering any factual allegations as to the debt itself.

13.     However, even if Plaintiff did offer more, Plaintiff's Complaint would still fail as a matter of law. The debt at issue is a commercial debt. It was incurred in relation to Plaintiff's commercial activities and Plaintiff warranted he intended to use it only from business purposes. There is no valid basis to allege the debt is a consumer debt subject to the FDCPA, as the nature and text of the Advance Agreement make it clear it was a commercial debt. For these reasons, all of Plaintiff's FDCPA claims fail as a matter of law, and all claims against Defendant should be dismissed with prejudice.

## CONCLUSION

14.     Plaintiff entered into the Advance Agreement with eCommission through his commercial activities as a real estate agent, based on anticipated future performance in his commercial activities, and warranted that he would use the debt for "business purposes only, with no portion of such proceeds to be used for any personal, family or household purposes." The debt is commercial in nature and cannot serve as the basis for an FDCPA claim. For these reasons, all of Plaintiff's FDCPA claims fail as a matter of law, and all claims against Defendant should be dismissed with prejudice.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***RAB INC.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 1st day of February, 2024.

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV