# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DYLAN BURGESS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>RAB, INC.<br><br>　　　　　　　　　Defendant. | Case No. 3:23-cv-02845-L-BN<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 25, 2024 and submit the following information regarding the conference:

1.　**Discussion of the Nature of the Case**:

**Plaintiff**: The Plaintiff Dylan Burgess brought this class action under the FDCPA alleging he received email correspondence from the Defendant which violated multiple provisions of the FDCPA, as more fully set forth in his complaint, including the FDCPA's prohibition against contacting third parties, prohibitions against various misrepresentations, and failures to include requisite compliance disclosures. The Plaintiff denies that the underlying alleged debt obligation was incurred for anything other than personal, family, or household purposes as more fully outlined in the FDCPA. To that end, the Defendant has filed a motion to dismiss and has attempted to introduce extrinsic evidence in support of its contention that the communications were made to attempt to recover a debt incurred for business purposes and therefore that the FDCPA does not apply. Because others may have received identical or nearly identical communications from the Defendant, the Plaintiff brings this case on behalf of a class

of individuals similarly situated. The Plaintiff seeks for himself and the Class the FDCPA's maximum statutory relief of $1,000, plus attorney's fees and costs, together with injunctive relief enjoining the Defendant from making such communications in the future, all as provided under the FDCPA. With respect to expert testimony and witnesses, the Plaintiff will likely secure an expert in data analysis to analyze the classwide communications, including emails, produced in discovery to determine which, if any, of such communications contained words or phrases that constitute violations of the FDCPA. However, expert analysis will likely be unnecessary if identical or substantially identical emails were sent to each class member.

**Defendant**: Defendant denies its violated any provisions of the FDCPA, denies Plaintiff is entitled to any relief or damages, and denies a class is appropriate in this matter. As set forth in Defendant's MJOP, the loan agreement Plaintiff entered into was "for business purposes only, with no portion of such proceeds to be used for any personal, family or household purposes." Thus, the FDCPA does not apply to this matter, and Plaintiff's claims fail as a matter of law.

2. **Jurisdiction**:

**Plaintiff**: This Court has federal question jurisdiction over these claims because they sound in the Fair Debt Collection Practices Act (FDCPA) Plaintiff and the Defendant are both citizens of the Northern District of Texas.

**Defendant**: Defendant does not challenge the jurisdiction of the Court as this time, but reserves the right to challenge Article III standing as necessary based on discovery.

3. **Motions**: The Defendant has filed a motion to dismiss claiming that the alleged debt at issue was incurred for business purposes and therefore is not subject to the FDCPA. The Plaintiff will file a response and brief in opposition by the Court's March 4 deadline.

4.       **Deadlines for Amending Pleadings/Joining Parties**: The Parties propose 30 days from the Court ruling on the Defendant's motion to dismiss to add additional parties or amend the pleadings.

5.       **Deadlines for Dispositive Motions**: The Parties propose June 28 as a deadline for seeking class certification and for the close of discovery, with response to said class certification motion due by July 31. The Parties also propose July 31 as a deadline for seeking Summary Judgment, with response to said motion due August 30.

**Discovery Plan**: The Plaintiff will need to seek discovery on the violative conduct at issue, including the number of messages that were sent to the Plaintiff and the class in violation of the FDCPA, class members to whom Defendant made communications violative of the FDCPA, Defendant's policies and procedures regarding FDCPA compliance, including for determining whether debts were made for personal, family, or household purposes and therefore subject to the FDCPA. The Plaintiff strongly opposes any attempts at stayed or bifurcated discovery. The Plaintiff will need to take between 3-5 depositions and will notice them in the Northern District of Texas. Third Party discovery may be necessary to the extent that information is needed from eCommission Financial Services, Inc., the alleged original creditor. Accordingly, the Plaintiff estimates needing approximately three months for individual and class discovery. Defendant anticipates taking the deposition of Plaintiff. Defendant disputes that 3-5 depositions of Defendant will be necessary in this matter.

The only ESI in the Plaintiff's possession is a copy of the email the Plaintiff received from the Defendant. On the other hand, the Defendant likely has substantial ESI, which Plaintiff has requested be preserved and produced in its native format, consisting of correspondences and records thereof that the Plaintiff contends violated the FDCPA.

The Plaintiff and Defendant have discussed whether or not some facts may be stipulated. Plaintiff states the three main issues in this case, both from an individual and class perspective, are (1) whether the Defendant sent similar communications to other class members, (2) whether such communications were made to collect personal debts or business debts, and (3) whether such communications constituted one or more violations of the FDCPA's various provisions. Defendant notes that there were also be issues regarding damages, Article III standing, and other class issues to resolve during discovery.

The Plaintiff does not anticipate needing to exceed the limits imposed by the Federal Rules of Civil Procedure. Furthermore, the Plaintiff does not seek any proposed limitations on discovery at this time, including on any anticipated privilege, work product, or other protections. The Parties will create and exchange privilege logs for any privileged information sought in discovery pursuant to Rule 26(b)(5) and will work cooperatively with each other to assert claims of privilege and seek such protections for inadvertently produced information. The Parties have no opposition to the Court including such agreement in an order. Defendant does not anticipate the need for any changes to the federal rules governing discovery.

The Parties propose 30 days prior to the close of discovery as a deadline for designating expert witnesses and exchanging expert reports, with opposition or counter-reports due at the close of discovery. The Parties do not request any other orders with respect to discovery at this time.

6. **Settlement or Resolution:**

7. The Plaintiff will tender a classwide settlement demand to the Defendant after the Plaintiff has propounded and received responses to discovery to ascertain the potential number of class members and any applicable classwide claims and defenses. The Plaintiff is agreeable to

resolve this matter on a classwide basis through ADR. However, the Defendant would like to wait for a ruling on its motion to dismiss prior to entertaining any settlement discussions.

8. **Other Matters:**

None at this time.

9. **Consent to a Magistrate Judge:**

The parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c).

Dated: **February 26, 2024**

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*
