IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DYLAN BURGESS, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2845-L-BN |
| RAB, INC., | § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 7.

Defendant RAB, Inc. has filed a motion to dismiss. *See* Dkt. No. 16.

Plaintiff Dylan Burgess has filed a response, *see* Dkt. No. 21, and RAB has filed a reply, *see* Dkt. No. 22.

For the following reasons, the motion should be granted.

**Background**

On November 28, 2023, Burgess received a collection email from RAB. *See* Dkt. No. 1 at 4. According to Burgess, the email was sent to twenty-six different email addresses, including his personal email address, email addresses belonging to friends, family and co-workers, and email addresses he did not recognize. *See id*. In

the email, Jenny Jenkins of RAB stated that "[o]ne way or another you will be forced to deal with this. Since it has become obvious through numerous attempts to contact you that you have no intentions on resolving this without suit being filed." *See id*. at 5. Jenkins gave Burgess an ultimatum to resolve the matter by December 1, 2023 or she would recommend that RAB "pursue the matter to the full extent of the laws." *Id*.

Burgess filed this lawsuit against RAB for alleged violation of Sections 1692c, 1692e, and 1692g of the Federal Fair Debt Collection Practices Act "("FDCPA"). *See* Dkt. No. 1. Burgess alleges that the collection email "was in reference to an alleged 'debt,' as defined by 15 U.S.C. § 1692a(5), because it is an alleged obligation that arose out of a personal lending transaction." *Id*. at 4 ¶ 16.

RAB moves for dismissal, arguing that Burgess fails to state a claim for which relief can be granted. Specifically, RAB argues that Burgess cannot state a claim under the FDCPA because the debt was for commercial purposes. RAB attaches a copy of the contract creating the debt to its motion to dismiss.

The issues before the Court are whether the Court can consider the contract attached to the motion to dismiss and whether the debt falls within the statutory definition of debt under the FDCPA.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to

the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that

the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to

in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although, "[w]hen

matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (cleaned up).

## Analysis

The FDCPA was enacted in part "to eliminate abusive debt collection practices by collectors." 15 U.S.C. § 1692(e). It "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995).

To state an FDCPA claim, Burgess must first allege that he has been the object of collection activity arising from "debt." *See, e.g.*, *Douglas v. Select Portfolio Servicing, Inc.,* Civil Action No. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015) (setting forth the elements of a FDCPA claim).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "Only financial obligations incurred for purchases 'primarily for personal, family, or household purposes' qualify as

consumer 'debt' subject to the rules and regulations of the FDCPA." *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 275 (5th Cir. 2014) (quoting 15 U.S.C. § 1692a(5)).

RAB contends that Burgess cannot state a claim because the debt was for commercial purposes and thus falls outside the FDCPA.

To support its contention that the debt was incurred for commercial purposes, RAB attaches a copy of the contract creating the debt to its motion to dismiss. *See* Dkt. No. 17-2. The Court may consider the contract because the debt is referred to in Burgess's Complaint and because the contract is necessary to establish an element of his FDCPA claims: that "he was the object of collection activity arising from a consumer debt." *Douglas*, 2015 WL 1064623, at *4.

On January 24, 2023, eCommission Financial Services, Inc., Burgess as real estate agent, and JP Associates Realtors as broker entered an eCommission Active Listing Advance Agreement. *See* Dkt. No. 17-2. Under the Advance Agreement's terms, Burgess received an advance from eCommission on an anticipated sales commission. *See id*. In the Advance Agreement, Burgess represents that he "will use the proceeds received from eCommission in connection with the purchase of the Purchased Commission for business purposes only, with no portion of such proceeds to be used for any personal, family or household purposes, whether or not such obligation has been reduced to judgment." *Id*. Burgess also agreed to repay the Purchased Commission "using commissions earned from [Burgess's] next sale." *Id*.

Burgess does not allege that the debt was for personal, family, or household

purposes, and his conclusory allegation that the debt was for a personal loan is not sufficient to state a claim a claim under the FDCPA. Also, the Court may disregard Burgess's allegation concerning the nature of the debt because it is contradicted by the terms of the Advance Agreement, which expressly states the debt is for business purposes. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations). The Advance Agreement states that Burgess would receive an advance on his salary and commission as a real estate broker, the advance would be used for business purposes, and the advance would be repaid from commissions from Burgess's next sale, a commercial activity.

Considering the transaction as a whole, the advance was made for a commercial purpose and is not covered by the FDCPA.

And, so, Burgess fails to state a claim under the FDCPA, and the Court should dismiss his claims with prejudice.

## Recommendation

The Court should grant Defendant RAB, Inc.'s Motion to Dismiss [Dkt. Nos. 12, 16] and dismiss Plaintiff Dylan Burgess's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE