IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DYLAN BURGESS,** individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-2845-L-BN** |
| **RAB, INC.,** | § § | |
| Defendant. | § § § | |

# **ORDER**

On June 6, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 23) was entered, recommending that this court, pursuant to Federal Rule of Civil Procedure 12(b)(6), grant Defendant's Motion to Dismiss (Doc. 16), filed February 1, 2024, and dismiss with prejudice this action and all claims by Plaintiff for alleged violations of the Federal Debt Collection Practices Act ("FDCPA") for failure to state a claim upon which relief may be granted. No objections to the Report were filed by Plaintiff, and the deadline for filing objections has expired.

Having considered Defendant's Motion to Dismiss, briefs of the parties, the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Further, while Plaintiff's response to the Motion to Dismiss includes a conclusory request "to amend to correct the deficiencies," no explanation is provided as to how the deficiencies identified would be cured, and the court determines that any attempt at amendment would be futile because the Report notes that, considering the transaction as a whole, the advance at issue was made for a commercial purpose

and not covered by the FDCPA.* Report 8. Further, the court determines that allowing Plaintiff to amend unnecessarily delays resolution of this action. As indicated, Plaintiff, who is represented by counsel, did not assert any objections to the Report.

Accordingly, the court **grants** Defendant's Motion to Dismiss (Doc. 16); and **dismisses with prejudice** this action and all claims by Plaintiff under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Further, the clerk of court **shall term** all pending motions in this action.

**It is so ordered** this 28th day of June, 2024.

Sam A. Lindsay
United States District Judge

---

* The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Consideration of these factors weigh in favor of not allowing Plaintiff to amend his pleadings given the futility of the amendment and the lack of any explanation by Plaintiff as to how he would cure the pleading deficiencies identified in the Motion to Dismiss and Report.

**Order – Page 2**